IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 7, 2010

## RODNEY LARON THOMAS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Henderson County**
**No. 07-063-1     Roy B. Morgan, Jr., Judge**

**No. W2010-01487-CCA-R3-PC  - Filed May 9, 2011**

The petitioner, Rodney Laron Thomas, appeals the trial court's denial of his request for a delayed appeal concerning the denial of his post-conviction relief petition.  He urges that his delay in filing his appeal should be excused because (1) his post-conviction counsel never pursued an appeal despite assuring him to the contrary, and (2) the circuit court clerk never provided him with a copy of the final order, as required by Tennessee Code Annotated section 40-30-112.  We conclude that this petitioner has no right to appeal from a denial of a motion for delayed appeal of a denial of post-conviction relief.  Therefore, this appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

Chadwick R. Wood, Lexington, Tennessee, for the appellant, Rodney Laron Thomas.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; James G. (Jerry) Woodall, District Attorney General; and Angela R. Scott, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On April 24, 2006, the petitioner entered guilty pleas to second degree murder, a Class A felony, and attempted second degree murder, a Class B felony, and was sentenced to a total effective sentence of thirty-seven years in the Department of Correction.  On April 18, 2007, the petitioner filed a *pro se* petition for post-conviction relief.  The petitioner was appointed counsel and, following a hearing, the trial court denied the petition for post-conviction relief

by order filed on October 1, 2007. No appeal of the denial of this petition was filed by the petitioner's appointed counsel. In December of 2009, the petitioner sent a letter to the trial court informing it that post-conviction counsel had never pursued an appeal from the denial of post-conviction relief, despite counsel's assurances to the contrary. The court treated the letter as a motion for delayed direct appeal and appointed counsel to represent the petitioner. On April 14, 2010, the post-conviction court held a hearing on the matter at which no proof was taken, and it determined that, under current case law, a delayed direct appeal in post-conviction matters was not authorized. The post-conviction court reasoned that since post-conviction proceedings were statutory in nature, the petitioner could not claim ineffective assistance of counsel arising from his post-conviction counsel's failure to file an appeal. Thereafter, the petitioner filed a timely notice of appeal concerning the post-conviction court's denial of his motion for delayed appeal to this court.

## ANALYSIS

The petitioner is not entitled to appeal the post-conviction court's denial of his motion for a delayed appeal from the denial of his petition for post-conviction relief. Tennessee Rule of Appellate Procedure 3(b) provides:

> In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or *nolo contendere*, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(i) or (iv) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or *nolo contendere* and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

Tenn. R. App. P. 3(b). An appeal of the post-conviction court's denial of a petitioner's motion to file a delayed appeal does not fall under the enumerated actions from which a party may appeal as of right under Rule 3(b). Consequently, the petitioner may not bring this appeal as a matter of right pursuant to that rule. Nor could the petitioner have sought review of the post-conviction court's denial of his motion to file a belated appeal by resorting to Tennessee Rules of Appellate Procedure 9 or 10, which permit this court to review

*interlocutory* orders of a lower court under certain circumstances. *See State v. Donald Ree Jones*, No. M2000-00381-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 807, at *4 (Tenn. Crim. App. at Nashville, Oct. 13, 2000). These three rules, which together comprise the sum of the "standard avenues of appeal" to this court, *see State v. Roger Todd*, No. M2006-01940-CCA-R3-CD, 2007 Tenn. Crim. App. LEXIS 434, at *4 (Tenn. Crim. App. at Nashville, May 31, 2007), simply do not provide us a means by which to hear a petitioner's challenge to the post-conviction court's ruling.

This court does have the inherent authority to treat an improper Rule 3(b) appeal as a petition for a common law writ certiorari, if doing so serves the interests of justice. *See State v. Leath*, 977 S.W.2d 132, 135 (Tenn. Crim. App. 1998). By similar power, we might elect to construe the petitioner's improper appeal from the post-conviction court's denial of a motion for belated appeal as an original motion in this court to waive the thirty-day notice of appeal requirement contained in Tennessee Rule of Appellate Procedure 4(a), which this court has the authority to do "in the interest of justice." Tenn. R. App. P. Rule 4 (a). By either method, this court could opt to reach the merits of the petitioner's claim if the interests of justice so demanded.

However, in this case, we do not believe the interests of justice so require. While we are not entirely unsympathetic to the petitioner's claims that the alleged failure of his court-appointed post-conviction counsel to file an appeal and the alleged failure of the circuit court clerk's office to provide the petitioner with a copy of the final order interfered, to some degree, with his ability to file a timely appeal, more than two years passed between entry of the post-conviction court's order denying relief and the petitioner's letter to the post-conviction court seeking to file a belated appeal. Even assuming that the petitioner was misled by his post-conviction counsel and abandoned by the circuit court clerk, the diligence of an ordinary layman should have led the petitioner to investigate the situation, follow-up with the relevant parties, and seek judicial assistance with respect to filing his appeal on a much faster schedule. Declining to afford the petitioner appellate review over the filing of a belated post-conviction appeal after he pursued relief in such a laggard and dilatory manner does not offend our notions of justice.

CONCLUSION

For the foregoing reasons, the petitioner's appeal is dismissed.

_____
JOHN EVERETT WILLIAMS, JUDGE

-3-